United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re: Vladimir Vujic, Debtor. | Bankruptcy No. 16-bk-2689 |
| Silvia Milosevic, Plaintiff v. Vladimir Vujic, Defendant. | Chapter 13 Adversary No. 16-ap-386 |

**MEMORANDUM OPINION ON VLADIMIR VUJIC'S MOTION TO DISMISS**

This Adversary Proceeding relates to the bankruptcy petition filed by the debtor-defendant Vladimir Vujic ("Vujic") under Chapter 13 of the Bankruptcy Code. Creditor-plaintiff Silvia Milosevic ("Milosevic") filed her Complaint to declare nondischargeability of a debt owed to her under 11 U.S.C. § 523(a)(2)(A). Vujic filed a Motion to dismiss the Complaint with prejudice for failure to state a claim under FED. R. CIV. P. 12(b)(6), applicable through FED. R. BANKR. P. 7012, ("Rule 12(b)(6)"). Vujic also asks to dismiss the Complaint with prejudice for failure to state a claim of fraud or mistake with particularity pursuant to FED. R. CIV. P. 9(b), applicable through FED. R. BANKR. P. 7009, ("Rule 9(b)"). For the foregoing reasons, the Motion will be granted.

### I. BACKGROUND

Milosevic attempts to allege that Vujic obtained $22,000.00 from her through false pretenses, false representation, and/or actual fraud. Milosevic's Complaint alleges the following:

1. On July 17, 2015, Milosevic agreed to pay Vujic $22,000.00 to begin remodeling her real estate property. Vujic held himself out to be a contractor or tradesman. The initial

payment was meant for Vujic to begin construction and to purchase materials along with architectural services. (Complaint ¶ 5).

2. After the payment was made, Vujic performed services estimated at a value of $1,500.00. Vujic did not perform any further services and refused to pay back Milosevic the $20,500.00. *Id.*

Milosevic alleges that because Vujic's performance in relation to the amount of money he received was so disproportional, Vujic obtained the funds from Milosevic through false pretenses, false representation, and/or actual fraud. (Complaint ¶ 12). Prior to filing this case, on February 22, 2016, Milosevic filed a lawsuit against Vujic to regain the funds she provided to Vujic. (Complaint ¶ 5). Vujic filed for bankruptcy relief under Chapter 13 of the Bankruptcy Code on March 25, 2016. (Dkt. No. 1). Milosevic brought this Adversary Proceeding on June 27, 2016. (Adv. Dkt. No. 1).

## II. DISCUSSION

### A. JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer a proceeding to a bankruptcy judge under 28 U.S.C. § 157, and is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). It seeks to determine the dischargeability of a debt. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S. Ct. 2594, 2618 (2011). Venue lies under 28 U.S.C. § 1409.

### B. SUFFICIENCY OF THE PLEADINGS

Vujic's Motion challenges whether Milosevic's Complaint meets the requirements of pleading under Rule 12(b)(6), Rule 9(b), and applicable precedent.

3

### 1. Rule 8(a)(2): General Rules of Pleading

A motion to dismiss under Rule 12(b)(6) tests sufficiency of a complaint rather than the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). All well-pleaded allegations of the complaint are assumed true and read in the light most favorable to the plaintiff. *Levy v. Pappas*, 510 F.3d 755, 764 (7th Cir. 2007). If the complaint contains allegations from which a trier of fact may reasonably infer that proof will be available at trial, dismissal is improper. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421 (7th Cir. 1994).

To survive a motion to dismiss under Rule 12(b)(6), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, (2009) (quoting FED. R. CIV. P. 8(a)(2), ("Rule 8(a)(2)"). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The issue is "whether it has pleaded a cause of action sufficient to entitle it to offer evidence in support of its claims." *Spiers Graff Spiers v. Menako (In re Spiers Graff Spiers)*, 190 B.R. 1001, 1006 (Bankr. N.D. Ill. 1996) (Schmetterer, J.). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Dismissal with prejudice is only appropriate if it appears that no set of facts could entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

4

## 2. Rule 9(b): Pleading Allegations of Fraud with Particularity

A motion to dismiss under Rule 9(b) asks whether the movant pleaded fraud or mistake with particularity. *Borsellino v. Goldman Sach Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Courts will often ask if the movant pleaded with particularity by laying out facts that establish the "who, what, where, when and how" of the alleged fraud or mistake. *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 2008). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b); *see Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

"The circumstances of fraud or mistake include the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quotation omitted); *see also Uni\*Quality, Inc.*, 974 F.2d at 923 (describing Rule 9(b)'s particularity requirement as the "who, what, where, when and how" of the alleged fraud).

The particularity requirement of Rule 9(b) should be read in conjunction with Rule 8(a)(2)'s "short and plain statement" pleading requirement. *Rezin v. Barr (In re Barr)*, 207 B.R. 168, 172 (Bankr. N.D. Ill. 1997). Thus, it is not necessary that a plaintiff plead each fraudulent detail, so long as the circumstances constituting fraud have been set forth adequately. *Id.* (citing *Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992)). "[T]he who, what, when, and where aspects of the fraud need not be related with exact details in the complaint as a journalist would hope to relate them to general public." *Zamora v. Jacobs (In re Jacobs)*, 403 B.R. 565, 573 (Bankr. N.D. Ill. 2009). It is only necessary to set forth a basic outline of fraud in order to alert the defendant of the purported fraud he is defending against. *Barr*, 207 B.R. at 173 (citing *Vicom Inc. v.*

5

*Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)). Moreover, a plaintiff is not expected to plead facts as to which they lack access prior to discovery. *Barr*, 207 B.R. at 172-73 (citing *Katz v. Household Inter., Inc.*, 91 F.3d 1036, 1040 (7th Cir. 1996)).

### C. § 523(a)(2)(A)

Section 523(a)(2)(A) excepts from a debtor's discharge any debt "for money, property, [or] services . . . obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). That provision describes three separate grounds for holding a debt to be nondischargeable: false pretenses, false representation, and actual fraud. *In re Jairath*, 259 B.R. 308, 314 (Bankr. N.D. Ill. 2001). Each ground for excepting a debt from discharge under § 523(a)(2)(A) must be separately considered. *In re Jacobs*, 448 B.R. 453, 470 (Bankr. N.D. Ill. 2011). To except debts from discharge for false pretenses or false representation, a creditor must show: (1) the debtor made a false representation of fact, a representation, (2) which the debtor, either (a) knew was false or made with reckless disregard for the truth or (b) that debtor possessed an intent to deceive or defraud (3) upon which the creditor justifiably relied. *In re Davis*, 638 F.3d 549, 553 (7th Cir. 2011); *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir. 2010). All three elements must be proven to prevail on a § 523(a)(2)(A) claim. *In re Ardisson*, 272 B.R. 346, 357 (Bankr. N.D. Ill. 2001). Actual fraud requires neither a misrepresentation nor reliance. *In re Jacobs*, 448 B.R. 453, 471 (Bankr. N.D. Ill. 2011).

Without factual allegations to establish an intent to deceive by the debtor, it has often been held that a complaint that only establishes a breach of contract is not enough to implicate section 523(a)(2)(A). *See Reeves v. Davis (In re Davis)*, 638 F.3d 549, 554 (7th Cir. 2011); *Sullivan v. Ratz*, 551 B.R. 338, 349 (N.D. Ill. 2016); *Rae v. Scarpello (In re Scarpello)*, 272 B.R. 691, 701 (Bankr. N.D. Ill. 2002); *and In re Barr*, 194 B.R. at 1009.

Milosevic's Complaint does not sufficiently plead under the heightened pleading standard of Rule 9(b). Stated above, this requirement is often referred to as the "who, what, when, where, and how" of a fraud pleading. *DiLeo v. Ernst & Young*, 901 F.2d 624,

627 (7th Cir. 1990). Milosevic is unable to establish "how" Vujic obtained the $22,000.00 by false pretenses, false representation, and/or actual fraud.

Milosevic alleges that Vujic's inability to perform services in proportion to the amount of money given to him by Milosevic demonstrates that the Debtor lacked any "ability or objective intent" to perform the services required under the agreement. (Complaint ¶ 13). Based on this assertion, and very little more than that, Vujic obtained Milosevic's funds by false pretenses, false representation, and/or actual fraud. *Id.* Vujic argues that Milosevic's Complaint fails to allege any facts that establish an intent to deceive and only rises to a breach of contract claim.

In relation to "how" Vujic gained the $22,000.00 through false pretenses, false representation, and/or actual fraud, Milosevic has pleaded facts that establish only a breach of contract claim. The Complaint establishes that Milosevic paid Vujic $22,000.00, and Vujic only performed $1,500.00 worth of service. (Complaint ¶ 5). Milosevic's argument that the disproportionality of the breach of contract equates to intent to deceive is not valid. The act of breaching a contract cannot by itself establish fraudulent intent. *See In re Barr*, 194 B.R. 1017-18 ("Failure to fulfill a contractual obligation by itself does not establish a misrepresentation for purposes of § 523(a)(2)(A)."). Without factual allegations to establish Vujic's intent to deceive, § 523(a)(2)(A) is not properly pleaded.

Because Milosevic's Complaint has failed to plead with particularity § 523(a)(2)(A), Vujic's Motion to dismiss under Rule 9(b) will be granted. Dismissal with prejudice, however, is not warranted, as it does not appear yet that no set of facts could entitle Milosevic to relief. *See Gibson*, 355 U.S. at 45-46.

## III. CONCLUSION

For the foregoing reasons, Vujic's Motion will be granted. The Complaint will be dismissed without prejudice, giving plaintiff a limited time to file Amended Complaint.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 20th day of December, 2016

In re: Milosevic v. Vujic
Adversary Case No. 16 A 00386

CERTIFICATE OF SERVICE

I, Adam Cox, certify that on DEC 2 0 2016 I caused to be mailed by United States first class mail copies of the foregoing documents to the following by electronic service through the Court's CM/ECF system or regular U.S. mail:

_____
Adam Cox, Courtroom Deputy

## Electronic Service through CM/ECF System

Constantine Dean Matsas
C Dean Matsas & Associates, PC
5153 N Broadway
Chicago, IL 60640
**Counsel for Plaintiff**

Elvis D Gonzalez
Elvis Gonzalez Ltd
233 South Wacker Drive
Suite 2280
Chicago, IL 60606
**Counsel for Defendant**

Douglas R Johnson
Law Office of Douglas R. Johnson, PC
77 W. Wacker Dr., Ste. 4800
Chicago, IL 60601
**Counsel for Defendant**